Mitchell Langberg (CA Bar No. 171912)
Thomas A. Clare (*pro hac vice forthcoming*)
Megan McGuiggan (*pro hac vice forthcoming*)
Carolyn M. Wesnousky (*pro hac vice forthcoming*)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
(202) 628-7400
mitch@clarelocke.com
tom@clarelocke.com
megan.mcguiggan@clarelocke.com
carrie@clarelocke.com

*Attorneys for Plaintiff, Tyra Banks*

GIBSON, DUNN & CRUTCHER LLP
JAY P. SRINIVASAN, SBN 181471
ILISSA SAMPLIN, SBN 314018
ZACHARY C. FREUND, SBN 344466
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

CONNOR S. SULLIVAN (*pro hac vice forthcoming)*
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000

*Attorneys for Defendants Netflix Worldwide Entertainment, LLC, Netflix Music, LLC, 89 Blocks Holdings, LLC d/b/a EverWonder Studio, Mor Loushy and Daniel Sivan*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

TYRA BANKS, an individual,

Plaintiff,

v.

NETFLIX WORLDWIDE ENTERTAINMENT, LLC, 89 BLOCKS HOLDINGS, LLC d/b/a EVERWONDER STUDIO, NETFLIX MUSIC, LLC, MOR LOUSHY, an individual, and DANIEL SIVAN, an individual,

Defendants.

Case No. 2:26-cv-06467-AB-DMK

**JOINT REPORT AND DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's June 16, 2026 Standing Order (Dkt. 18), Plaintiff Tyra Banks ("Plaintiff" or "Banks") and Defendants Netflix Worldwide Entertainment, LLC, Netflix Music, LLC, (together, "Netflix"), 89 Blocks Holdings, LLC d/b/a EverWonder Studio ("EverWonder"), Mor Loushy, and Daniel Sivan (collectively, "Defendants"), by counsel, submit this Joint Rule 26(f) Report and Discovery Plan.

1. **Initial Meeting.** In accordance with Rule 26(f) and Paragraph 5 of the Schedule and Pretrial Order, counsel for the parties met via Zoom on August 26, 2026.

2. **Nature of Claims and Defenses.** The following descriptions of the parties' claims and defenses are based on the information known at this time. The parties reserve the right to amend and update this information as discovery progresses.

**Plaintiff's Position:** Plaintiff asserts five claims against Defendants for false light and defamation by implication (against Loushy, Sivan, and Everwonder), breach of contract (against EverWonder), and false endorsement under the Lanham Act (against Netflix and EverWonder). Specifically, Ms. Banks sat for a recorded interview about her role in creating, hosting, and producing the hit reality television series, America's Next Top Model ("ANTP"). Defendants intentionally edited her interview footage to create the false and defamatory impression that Ms. Banks knowingly allowed a contestant to be sexually assaulted on her show, exploited that contestant's trauma for ratings, and could not even remember it when asked. Defendants then streamed this defamatory narrative to a global audience in a documentary published on Netflix's streaming platform, Reality Check: Inside America's Next Top Model. In addition to defaming Ms. Banks and placing her in a false light, Defendants' conduct breached the terms of their contract with Ms. Banks. To further compound these injuries, Defendants used Ms. Banks' name and likeness without her permission in order to promote a music album for the documentary. Defendants' conduct has caused Ms. Banks to suffer considerable emotional and reputational

harm, as well as actual lost business. Ms. Banks is therefore entitled to significant compensatory and punitive damages, as well as disgorged profits.

Plaintiff believes that discovery should proceed while Defendants' Special Motion to Strike and Motion to Dismiss (Dkt. 30) is pending, as set forth in Plaintiff's pending Motion to Continue Hearing Date and Extend Briefing Schedule on Defendants' Special Motion to Strike and Motion to Dismiss to Allow for Rule 56(d) Discovery (Dkt. 32). In any event, the automatic stay of California Code of Civil Procedure section 425.16 does not apply in federal court. If Defendants seek a stay, they should do so by motion.

**Defendants' Position:** Plaintiff's claims for breach of contract, defamation, and false light should be dismissed with prejudice, for the reasons set forth in Defendants' pending Special Motion to Strike and Motion to Dismiss, scheduled to be heard on October 30, 2026. (Dkt. 30.) Plaintiff mischaracterizes the statements in *Reality Check: Inside America's Next Top Model* (the "Documentary"), alleging implications that are unreasonable as a matter of law. Some of those statements are also protected opinions. Additionally, many of Plaintiff's claims are barred by the agreement that she signed following her interview for the Documentary, which included a broad release and expressly authorized Defendants to use and edit Plaintiff's interview footage. Plaintiff's claims based on the use of her image on the cover of the Documentary's accompanying soundtrack album likewise fail, because that use was authorized by contract, protected by the First Amendment, and did not suggest Plaintiff endorsed the soundtrack. For the same reasons, Plaintiff's state law claims should also be struck under California Code of Civil Procedure section 425.16, and Defendants should be awarded their attorneys' fees and costs.

Because Plaintiff's claims should be dismissed and struck due to their legal insufficiency, Defendant believes it would be premature and inefficient for the parties to begin discovery before the Court rules on the pending Special Motion to Strike and Motion to Dismiss.

3. **Preferred ADR Procedure.** The parties believe that this case is best suited for mediation with a private mediator and that mediation should occur after the parties have engaged in discovery, but before September 10, 2027.

4. **Complex Case.** The parties do not believe that the complexity of this case requires utilizing any of the procedures of the Manual for Complex Litigation.

5. **Trial Estimate.** Plaintiff currently anticipates that trial may take between 10 and 14 days. Defendants maintain that it is premature to estimate the length of trial or how many witnesses will be required to sufficiently rebut Plaintiff's claims and support Defendants' defenses. The length of trial should be determined after the resolution of Defendants' Special Motion to Strike and Motion to Dismiss (Dkt. 30) that is currently pending before the Court. Notwithstanding the foregoing, Defendants anticipate a one-week trial at this time.

6. **Additional Parties.** The parties do not anticipate that any additional parties are likely to enter an appearance in this litigation.

7. **Deadlines for Motion Practice.** The parties anticipate that one or both parties may file motions for summary judgment. Plaintiff believes that discovery should proceed notwithstanding Defendants' pending motion and that if Defendants seeks a stay, they should make the request by noticed motion. Defendants maintain that discovery should not begin until after the resolution of Defendants' Special Motion to Strike and Motion to Dismiss (Dkt. 30) that is currently pending before the Court, and that it is therefore premature to set a schedule for summary judgment briefing. In the event that the Court prefers to set a schedule at this time, the parties jointly propose the following briefing schedule:

a. Dispositive motion(s) due: September 10, 2027

b. Opposition brief(s) due: October 8, 2027

c. Reply brief(s) due: October 29, 2027

d. Hearing: November 12, 2027

8. **Expert Disclosures.** Plaintiff believes that discovery should proceed notwithstanding Defendants' pending motion and that if Defendants sees a stay, they should make the request by noticed motion. Defendants maintain that discovery should not begin until after the resolution of Defendants' Special Motion to Strike and Motion to Dismiss (Dkt. 30) that is currently pending before the Court, and that it is therefore premature to set a schedule for expert disclosures. In the event that the Court prefers to set a schedule at this time, the parties jointly propose the following deadlines for expert disclosures, which are also outlined in the Schedule of Pretrial and Trial Dates Worksheet, attached as **Ex. A**:

a. Expert Disclosure (Initial): June 25, 2027

b. Expert Disclosure (Rebuttal): July 30, 2027

9. **Discovery Plan.**

**A. Initial Disclosures**

The parties agree to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by no later than September 16, 2026.

**B. Conduct of Discovery**

The parties plan to conduct discovery following the Federal Rules of Civil Procedure, the Local Rules, and the Court's Standing Order. The parties do not currently request that any changes be made to the limitations on discovery or deadlines imposed under the Federal Rules of Civil Procedure, the Local Rules, and the Court's Standing Order.

Plaintiff believes that discovery should proceed notwithstanding Defendants' pending motion and that if Defendants seek a stay, they should make the request by noticed motion. Defendants take the position that no discovery should begin until after the Court rules on Defendants' pending Special Motion to Strike and Motion to Dismiss (Dkt. 30)—which is

scheduled to be heard on October 30, 2026 and which, if granted, would result in the dismissal of all claims with prejudice. Defendants therefore maintain that it is premature to set any cut-off date for non-expert or expert discovery. In the event that the Court prefers to set a schedule at this time, the parties jointly propose **June 11, 2027** as the cut-off for non-expert discovery and **August 20, 2027** as the cut-off for expert discovery. *See* Ex. A.

As discussed further below, the parties will enter and submit a mutually agreeable Electronically Stored Information ("ESI") Protocol and Protective Order to guide discovery of ESI, any privilege issues, including non-waiver and claw back provisions, and the disclosure of confidential information.

### C. Electronically Stored Information ("ESI")

The parties plan to seek ESI through discovery, including emails, videos, and text messages, related to Plaintiff's claims and Defendants' defenses. To address the retention and collection of ESI, as well as the need for preservation of relevant electronic data, the parties will enter and submit to the Court a mutually agreeable ESI Protocol.

### D. Assertions of Privilege, Work Product Protections, and Privilege Logs

The parties will adhere to the requirements outlined in Fed. R. Civ. P. 26(b)(5) concerning privilege logs and withholding of information under claims of privilege as trial-preparation materials.

The parties agree that documents created on or after the filing of the Complaint and protected by the attorney-client privilege or work product doctrine may be excluded from the privilege log. The parties will produce privilege logs and exchange information regarding claims of privilege and/or work-product protection in an efficient manner.

For documents and ESI withheld or redacted as privileged, the withholding or redacting party shall provide a privilege log of such documents and ESI, providing the following objective

metadata to the extent it is reasonably available: date, author(s), recipient(s), file type, and subject (to the extent the subject does not reveal protected content). In addition, the withholding or redacting party shall also provide for each document on their privilege log an identifier for the privilege being asserted (e.g., "ACP" for attorney-client privilege, "WP" for work product, or other descriptions as necessary based on the specific privilege being claimed) and a unique document number/identifier, which need not be formatted as, or consecutive with, Bates numbers of produced documents (e.g., "Priv_00001").

The parties recognize possibility of inadvertent disclosure of privileged material in the course of litigation. To mitigate the damage of such inadvertent disclosure, the parties agree that Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502 shall govern any inadvertent disclosure of material that is subject to a claim of privilege or of protection as trial-preparation material. The parties' forthcoming Protective Order will memorialize the same and address non-waiver and claw back procedures for inadvertent disclosures.

**E. <u>Protective Order</u>**

The parties anticipate that discovery in this matter may include disclosure of confidential, commercially sensitive information. The parties will submit a mutually agreeable Protective Order for entry by the Court that addresses confidentiality designations, procedures for disclosure and challenging designations, as well as the parties' agreement on the treatment of inadvertently disclosed privileged materials.

**F. <u>Service Issues</u>**

Pursuant to Fed. R. Civ. P. 5(d)(1)(A), the parties agree that email service suffices for notices of depositions, discovery requests, and other papers filed with the Court. The parties agree that filings, notices, disclosures, and discovery responses are deemed timely as long as they are served by 11:59 pm Pacific time on the day that they are due.

10. **Magistrate Judge.** The parties do not consent to the jurisdiction of the United States Magistrate Judge.

Dated: September 9, 2026.

By: /s/ *Mitchell Langberg*
MITCHELL LANGBERG
Thomas A. Clare, P.C. (*pro hac vice forthcoming*)
Megan McGuiggan (*pro hac vice forthcoming*)
Carolyn Wesnousky (*pro hac vice forthcoming*)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
(202) 628-7401
mitch@clarelocke.com
tom@clarelocke.com
megan.mcguiggan@clarelocke.com
carrie@clarelocke.com
*Attorneys for Plaintiff, Tyra Banks*

By: */s/ Jay P. Srinivasan*__________
JAY P. SRINIVASAN
Ilissa Samplin
Connor S. Sullivan (*pro hac vice forthcoming*)
Zachary C. Freund
333 South Grand Avenue
Los Angeles, CA 90071-03197
Telephone: 213.229.7000
Facsimile: 213.229.7520
jsrinivasan@gibsondunn.com
isamplin@gibsondunn.com
cssullivan@gibsondunn.com
zfreund@gibsondunn.com
*Attorneys for Defendants NETFLIX WORLDWIDE ENTERTAINMENT, LLC, 89 BLOCKS HOLDINGS, LLC d/b/a EVERWONDER STUDIO, NETFLIX MUSIC, LLC, MOR LOUSHY, and DANIEL SIVAN*

**ECF ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2), I, Jay P. Srinivasan, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 9, 2026

**GIBSON, DUNN & CRUTCHER LLP**

By: *___/s/ Jay P. Srinivasan______*
Jay P. Srinivasan

# EXHIBIT A

**JUDGE ANDRÉ BIROTTE JR.**

**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates.***

| **Case No. 2:26-cv-6467-AB-DMK** | **Case Name: Banks v. Netflix Worldwide Entertainment LLC** | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Plaintiff's Proposed Date mm/dd/yyyy** | **Defendant's Proposed Date mm/dd/yyyy** |
| Check one: ☒ Jury Trial or ☐ Court Trial<br>***[Monday at 8:30 a.m., about 18 months after Complaint filed]***<br>Estimated Duration, in days: | | 02/21/2028<br><br>10-14 days | 02/21/2028<br><br>One week |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine<br>***[Friday at 11:00 a.m., at least 17 days before trial]*** | | 02/04/2028 | 02/04/2028 |

| **Event[1]**<br>***Note:*** Hearings must be on Fridays at 10:00 a.m.<br>Other dates can be any day of the week. | **Suggest. Weeks Before FPTC[2]** | **Plaintiff's Proposed Date mm/dd/yyyy** | **Defendant's Proposed Date mm/dd/yyyy** |
|---|---|---|---|
| Last Date to ***Hear*** Motions to Amend Pleadings/Add Parties *[Friday]* | 12-16 weeks after Sched. Conf. | 12/04/2026 | 12/04/2026 |
| Non-Expert Discovery Cut-Off<br>**(no later than deadline for *filing* dispositive motion)** | 17 | 06/11/2027 | 06/11/2027 |
| Expert Disclosure (Initial) | | 06/25/2027 | 06/25/2027 |
| Expert Disclosure (Rebuttal) | | 07/30/2027 | 07/30/2027 |
| Expert Discovery Cut-Off | 12[3] | 08/20/2027 | 08/20/2027 |
| Last Date to ***Hear*** Motions *[Friday]*<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed<br>***For Cross-Motions, see Standing Order.*** | 12 | 11/12/2027 | 11/12/2027 |
| Deadline to Complete Settlement Conference [L.R. 16-15] | 10 | 11/19/2027 | 11/19/2027 |
| ***Alternative Dispute Resolution ("ADR") Procedure (select one)***:<br>(Magistrate Judge *[with Court approval]*, Court's Mediation Panel, or Private Mediation) | | ☐ 1. Mag. Judge<br>☐ 2. Panel<br>☒ 3. Private | ☐ 1. Mag. Judge<br>☐ 2. Panel<br>☒ 3. Private |
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 minimum | 12/17/2027 | 12/17/2027 |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 minimum | 01/21/2028 | 01/21/2028 |

**[REVISED MARCH 15, 2024]**

[1] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. *This is often appropriate for class actions, patent cases, and ERISA cases.***

[2] **This is the Court's recommended default timeline for certain events. The parties are welcome to propose different intervals as needed for their case.**

[3] **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**