GIBSON, DUNN & CRUTCHER LLP
JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
ZACHARY C. FREUND, SBN 344466
zfreund@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

CONNOR S. SULLIVAN (pro hac vice forthcoming)
cssullivan@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000

*Attorneys for Defendants*
*NETFLIX WORLDWIDE ENTERTAINMENT, LLC, 89 BLOCKS HOLDINGS, LLC d/b/a EVERWONDER STUDIO, NETFLIX MUSIC, LLC, MOR LOUSHY, and DANIEL SIVAN*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TYRA BANKS, an individual,

Plaintiff,

v.

NETFLIX WORLDWIDE ENTERTAINMENT, LLC, 89 BLOCKS HOLDINGS, LLC d/b/a EVERWONDER STUDIO, NETFLIX MUSIC, LLC, MOR LOUSHY, an individual, and DANIEL SIVAN, an individual,

Defendants.

CASE NO. 2:26-cv-06467-AB-DMK

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE HEARING DATE AND EXTEND BRIEFING SCHEDULE ON DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS**

Date: October 2, 2026
Time: 10:00 a.m.
Place: Courtroom 7B

Judge: Hon. André Birotte Jr.
Case Filed: June 13, 2026
Trial Date: Not Set

# TABLE OF CONTENTS

Page

INTRODUCTION ........ 6

PROCEDURAL BACKGROUND ........ 8

I. Rule 56(d) Applies Only To Summary Judgment Motions Brought Under The Rule 56 Standard And Permits Only "Essential" Discovery. ........ 9

II. Anti-SLAPP Motions Challenging Legal Sufficiency Are Governed By The Rule 12(b)(6) Standard, Not The Rule 56 Standard. ........ 10

ARGUMENT ........ 10

I. Rule 56(d) Does Not Apply to Defendants' Rule 12(b)(6) Challenge, And Banks Has Not Satisfied Its Requirements in Any Event. ........ 10

II. None of Banks's Requested Discovery Is "Essential" to Opposing Defendants' Motion. ........ 13

A. Defendants' Motion Challenges Only the Legal Sufficiency of Banks's Claims. ........ 13

B. None of Banks's Asserted "Factual Issues" Justifies Discovery. ........ 19

CONCLUSION ........ 24

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Appel v. Wolf*, 2019 WL 13416838 (S.D. Cal. Jan. 25, 2019) .......... 13, 14, 18

*Baral v. Schnitt*, 376 P.3d 605 (Cal. 2016) .......... 16

*Blackburn v. Whiting*, 2011 WL 90113 (N.D. Cal. Jan. 11, 2011) .......... 11

*Cochran v. NYP Holdings, Inc.*, 210 F.3d 1036 (9th Cir. 2000) .......... 21

*Colborn v. Netflix, Inc.*, 541 F. Supp. 3d 888 (E.D. Wis. 2021) .......... 20

*Columbia Cas. Co. v. Abdou*, 2015 WL 9244305 (S.D. Cal. Dec. 16, 2015) .......... 12

*Crowe v. Cnty. of San Diego*, 608 F.3d 406 (9th Cir. 2010) .......... 23

*De Havilland v. FX Networks, LLC*, 230 Cal. Rptr. 3d 625 (Ct. App. 2018) .......... 23

*Dodds v. Am. Broad. Co.*, 145 F.3d 1053 (9th Cir. 1998) .......... 21

*Dunfee v. Truman Cap. Advisors, LP*, 2013 WL 1285152 (S.D. Cal. Mar. 25, 2013) .......... 10, 11

*Espinoza v. City of Imperial*, 2009 WL 10671316 (S.D. Cal. Mar. 4, 2009) .......... 16

*Gaprindashvili v. Netflix, Inc.*, 2022 WL 363537 (C.D. Cal. Jan. 27, 2022) .......... 22

*Gunn v. Drage*, 65 F.4th 1109 (9th Cir. 2023) .......... 17, 18

*Heller v. NBCUniversal, Inc.*, 2016 WL 6583048 (C.D. Cal. June 29, 2016) .......... 21, 22

*Herring Networks, Inc. v. Maddow*, 445 F. Supp. 3d 1042 (S.D. Cal. 2020), *aff'd*, 8 F.4th 1148 (9th Cir. 2021) .......... 14, 16

*Herring Networks, Inc. v. Maddow*, 8 F.4th 1148 (9th Cir. 2021) .......... 10, 14, 16

*Hubert v. Equinox Holdings, Inc.*, 2022 WL 1591331 (C.D. Cal. Mar. 15, 2022) .......... 12

*Influential Network, Inc v. Darkstore, Inc.*,
2023 WL 2372060 (C.D. Cal. Feb. 14, 2023) .......... 9

*Johnson v. JP Morgan Chase Bank*,
2009 WL 179727 (E.D. Cal. Jan. 26, 2009) .......... 13

*Johnson v. Woldeselassie*,
2022 WL 2317434 (N.D. Cal. June 28, 2022) .......... 11

*Kaelin v. Globe Communications Corp.*,
162 F.3d 1036 (9th Cir. 1998) .......... 23

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) .......... 17, 21, 22

*Maidman v. Jewish Publications, Inc.*,
355 P.2d 265 (Cal. 1960) .......... 22

*Metabolife International, Inc. v. Wornick*,
264 F.3d 832 (9th Cir. 2001) .......... 18

*Mosaic Brands, Inc. v. Ridge Wallet LLC*,
2021 WL 4535351 (C.D. Cal. Aug. 5, 2021), *aff'd*, 55 F.4th 1354 (Fed. Cir. 2022) .......... 12

*Moser v. Triarc Cos*,
2007 WL 3026425 (S.D. Cal. Oct. 16, 2007) .......... 16

*Mujica v. AirScan, Inc.*,
771 F.3d 580 (9th Cir. 2014) .......... 21

*Ningbo Yituo Enter. Mgmt. Co. v. GoPlus Corp.*,
2025 WL 1421394 (C.D. Cal. Apr. 10, 2025) .......... 19

*Nunes v. Meredith*,
2022 WL 2214205 (E.D. Cal. June 21, 2022) .......... 15, 17

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
890 F.3d 828 (9th Cir. 2018) .......... 10, 13, 14, 16, 17

*Prehired, LLC v. Provins*,
2023 WL 2717509 (E.D. Cal. Mar. 30, 2023) .......... 15

*Price v. Stossel*,
620 F.3d 992 (9th Cir. 2010) .......... 21

*Resolute Forest Prods., Inc. v. Greenpeace Int'l*,
302 F. Supp. 3d 1005 (N.D. Cal. 2017) .......... 15

*Roberts v. McAfee, Inc.*,
660 F.3d 1156 (9th Cir. 2011) .......... 15

*Robles v. Contreras*,
796 F. Supp. 3d 626 (C.D. Cal. 2025) .......... 17, 18

*S.F. Bay Guardian, Inc. v. Superior Court*,
21 Cal. Rptr. 2d 464 (Ct. App. 1993) .......... 22

*Schneider v. Warner Bros. Discovery, Inc.*,
-- Cal. Rptr. 3d --, 2026 WL 2664058 (Ct. App. Sept. 10, 2026) .......... 21, 22

*Shenzhen Yangjinmaoyi Co. v. Hangzhou Chic Intelligent Tech. Co.*,
2023 WL 4826235 (C.D. Cal. Feb. 21, 2023) .......... 15

*Stevens v. Corelogic, Inc.*,
899 F.3d 666 (9th Cir. 2018) .......... 12

*Stillwell v. Fashion Nova, LLC*,
2023 WL 2596823 (9th Cir. Mar. 22, 2023) .......... 10, 13

*Tatum v. City & Cnty. of S.F.*,
441 F.3d 1090 (9th Cir. 2006) .......... 10, 11, 12

*Thomas v. L.A. Times Commc'ns, LLC*,
189 F. Supp. 2d 1005 (C.D. Cal. 2002), *aff'd*, 45 F. App'x 801 (9th Cir. 2002) .......... 17, 20

*Troy Grp., Inc. v. Tilson*,
364 F. Supp. 2d 1149 (C.D. Cal. 2005) .......... 17

*Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*,
2010 WL 3911477 (S.D. Cal. Oct. 4, 2010) .......... 15

*Woulfe v. Universal City Studios LLC*,
2022 WL 18216089 (C.D. Cal. Dec. 20, 2022) .......... 15

*Wynn v. Chanos*,
75 F. Supp. 3d 1228 (N.D. Cal. 2014) .......... 10, 13, 15, 18, 20

**Rules**

Fed. R. Civ. P. 56 .......... 9, 11, 12, 19, 24

# INTRODUCTION

Plaintiff Tyra Banks does not need—and is not entitled to—discovery before opposing Defendants' Special Motion to Strike and Motion to Dismiss ("Defendants' Motion"), Dkt. 30. Defendants chose to challenge only the legal sufficiency of her claims under Rule 12(b)(6). Defendants' Motion therefore turns on whether Banks's Complaint, considered together with the Documentary she challenges, plausibly states a claim—not on what evidence obtained through discovery might later show. Defendants accepted Banks's well-pleaded factual allegations as true for purposes of their Motion and relied only on the Complaint and materials properly considered with it, principally the Documentary itself. They do not ask the Court to decide any disputed facts about how the Documentary was made, what its creators actually thought, or how particular viewers actually viewed it. Discovery into those subjects cannot affect whether Banks's Complaint states a claim as a matter of law.

Banks nevertheless seeks a four-month continuance to conduct precisely that discovery before she responds. Her request gets the governing procedure backwards. Rule 56(d), on which Banks relies, applies to motions for summary judgment, where the nonmovant may need evidence to respond to a factual challenge. Defendants did not bring such a challenge. Under settled Ninth Circuit law, an anti-SLAPP motion challenging only legal sufficiency is governed by Rule 12(b)(6), not Rule 56, and the plaintiff is not entitled to discovery before opposing it. And even if Rule 56(d) applied, Banks has not satisfied its requirements: her supporting declaration identifies broad categories of discovery she wants to pursue, not specific facts she expects to obtain and has reason to believe exist, much less facts "essential" to opposing Defendants' Motion.

Consider one of Defendants' principal arguments. Banks alleges that the Documentary falsely implies she had "forgotten" about contestant Shandi Sullivan's experience on *America's Next Top Model*. Compl. ¶ 205. But the Documentary itself shows Banks answering: "I do remember her story." Dkt. 30 at 14–15. Defendants therefore argue that the Documentary cannot reasonably be understood to imply that

Banks forgot Sullivan. *Id.* That is a legal-sufficiency argument based on the publication Banks challenges—not a factual assertion about Defendants' editorial process that requires discovery.

Banks tries to turn arguments like this into factual disputes. She takes Defendants' description of the conduct challenged in her Complaint as "ordinary editorial decisions" and calls it an "'actual malice' argument in disguise" that supposedly puts Defendants' subjective state of mind at issue. Dkt. 32 at 5. She takes Defendants' argument about what the Documentary reasonably conveys and recasts it as a factual assertion that Defendants' editing was "fair and accurate." *Id.* And she takes Defendants' reliance on the Documentary as a whole and says it assumes facts about Netflix viewership patterns. *Id.* at 6–7. Defendants made none of those factual arguments. Banks cannot manufacture a right to discovery by recasting Defendants' legal-sufficiency arguments.

The breadth of Banks's discovery demands confirms the point. She seeks months of sweeping merits discovery into virtually every aspect of the Documentary's production: full raw interview footage from an indeterminate number of interviewees; all communications concerning the Documentary or Banks, among other topics; all "draft and final outlines," "editor, director, producer, and story notes," "draft scripts," and draft cuts of the Documentary; deposition testimony of filmmakers, editors, and others involved in producing or reviewing the Documentary; and Netflix's internal viewership data. The scope of these requests bears no resemblance to targeted discovery supposedly needed to answer a particular factual challenge in Defendants' motion. It is broad merits discovery of the sort that should occur only if the Complaint survives the pleadings challenge. It is not discovery "essential" to determining whether Banks's Complaint states a claim in the first place. Banks's request would effectively skip the pleadings stage, put the litigation on hold for months, and then require Defendants to litigate a summary-judgment motion they never filed—defeating the very point of permitting an anti-SLAPP challenge to legal sufficiency at the pleadings stage, before

any discovery is taken.

Banks is not entitled to put off Defendants' pleadings challenge for months to pursue that discovery. Rule 56(d) does not apply; Banks has not satisfied its requirements in any event; and none of the discovery she seeks is necessary to address the legal-sufficiency arguments Defendants actually made. The Court should deny Banks's Motion for Continuance and allow briefing on Defendants' Motion to proceed on the schedule the parties agreed to and the Court approved.

## PROCEDURAL BACKGROUND

In April 2025, Banks sat for an interview in connection with the documentary series *Reality Check: Inside America's Next Top Model* (the "Documentary"). Dkt. 1 ("Compl.") ¶ 65. On February 16, 2026, the Documentary was released on Netflix. *Id.* ¶¶ 88, 180. On June 13, 2026, Banks initiated this litigation by filing the Complaint. Banks's Complaint alleges two claims for defamation by implication, one for false light, one for breach of contract, and one for false endorsement under Section 43(a) of the Lanham Act. *Id.* ¶¶ 194–271.

On July 1, 2026, the parties filed a joint stipulation setting a briefing schedule for Defendants' anticipated pleadings challenge. The stipulation stated that "Defendants intend to respond to the Complaint by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (the 'Motion to Dismiss') and/or a Special Motion to Strike pursuant to California Code of Civil Procedure section 425.16 (the 'Special Motion to Strike')." Dkt. 27 at 2. The parties stipulated that Defendants' motion would be due on August 14, 2026, Banks's opposition on September 21, 2026, and Defendants' reply on October 12, 2026. *Id.* at 3.

Defendants filed their Special Motion to Strike and Motion to Dismiss on August 14, 2026. Dkt. 30. Defendants' Motion challenges the legal sufficiency of Banks's allegations, arguing that the Documentary "and settled law foreclose Banks's claims as a matter of law." *Id.* at 9. The Motion is confined to the Complaint and materials incorporated by reference, principally the Documentary itself (along with a transcript

for ease of reference). *See* Dkt. 30-1, 30-2, 30-3, 30-4, 30-5. Defendants ask the Court to dismiss all of Banks's claims under Federal Rule of Civil Procedure 12(b)(6), and to strike Banks's four state-law claims under California Code of Civil Procedure section 425.16 and award attorneys' fees. *Id*. at 11, 23, 26. Where the motion seeks relief under section 425.16, Defendants expressly ask the Court to apply Rule 12(b)(6). *Id*. at 12.

On August 20, 2026, Banks sent Defendants a letter demanding broad discovery and a stay of briefing on Defendants' Motion. Dkt. 32-1 at 8. Defendants responded on August 24, 2026, explaining that because Defendants' Motion challenges only the legal sufficiency of Banks's claims, Banks does not need and is not entitled to discovery before filing her opposition brief. *Id*. at 16–17. The parties met and conferred on August 26, 2026. *Id*. at 2. Nine days later, on September 4, 2026, Banks filed her Motion for Continuance, seeking approximately 120 days to conduct discovery before opposing Defendants' Motion. Dkt. 32. She noticed that Motion for October 2 and, later that day, filed an *ex parte* application seeking an expedited ruling or the continuance. Dkt. 33.

## LEGAL STANDARD

### I. Rule 56(d) Applies Only To Summary Judgment Motions Brought Under The Rule 56 Standard And Permits Only "Essential" Discovery.

Rule 56 of the Federal Rules of Civil Procedure allows a party to "move for summary judgment" and "show[] that there is no genuine dispute as to any material fact" as to a claim or defense. Fed. R. Civ. P. 56(a). A "nonmovant" opposing a Rule 56 motion may "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *Id.* 56(d). If so, the court may "defer considering the motion or deny it," "allow time to obtain affidavits or declarations or to take discovery," or "issue any other appropriate order." *Id.* "To prevail under 56(d), a party must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Influential Network, Inc v. Darkstore, Inc.*, 2023 WL 2372060, at *6 (C.D. Cal. Feb. 14, 2023). The

Gibson, Dunn & Crutcher LLP

party seeking relief must "explain why those facts would preclude summary judgment." *Tatum v. City & Cnty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006).

"Rule 56(d) is inapplicable to motions brought under Rule 12(b)." *Dunfee v. Truman Cap. Advisors, LP*, 2013 WL 1285152, at *2 (S.D. Cal. Mar. 25, 2013).

**II. Anti-SLAPP Motions Challenging Legal Sufficiency Are Governed By The Rule 12(b)(6) Standard, Not The Rule 56 Standard.**

"[W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018). "[O]n the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply" and "discovery must be allowed." *Id.* "The defendant determines which motions she files, not the plaintiff," and a plaintiff "cannot convert [a] motion to strike" that challenges only legal sufficiency "into a motion for summary judgment." *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1156 (9th Cir. 2021). A plaintiff is therefore "not entitled to conduct discovery before the court rule[s]" on an anti-SLAPP motion challenging legal sufficiency. *Stillwell v. Fashion Nova, LLC*, 2023 WL 2596823, at *1 (9th Cir. Mar. 22, 2023). An anti-SLAPP motion to strike arguing that a "claim fails as a matter of law" and that "does not turn on any disputed facts" "is not a Rule 56 motion for summary judgment, nor should it be treated as such." *Wynn v. Chanos*, 2015 WL 971360, at *2 (N.D. Cal. Mar. 3, 2015), *aff'd*, 685 F. App'x 578, 579 (9th Cir. 2017).

## ARGUMENT

**I. Rule 56(d) Does Not Apply to Defendants' Rule 12(b)(6) Challenge, And Banks Has Not Satisfied Its Requirements in Any Event.**

Banks's request fails at the threshold because Rule 56(d) does not apply to Defendants' Motion. Rule 56(d) permits discovery when a party needs facts to oppose summary judgment. Defendants did not move for summary judgment; they brought a Rule 12(b)(6) challenge to the legal sufficiency of Banks's claims. Thus, as courts

routinely hold, "Rule 56(d) is inapplicable to motions brought under Rule 12(b)." *Dunfee,* 2013 WL 1285152, at *2. There is therefore no basis to defer Defendants' Motion under Rule 56(d) so Banks can take discovery. *See, e.g.*, *Johnson v. Woldeselassie*, 2022 WL 2317434, at *3 (N.D. Cal. June 28, 2022) (denying request under Rule 56(d): "this is a motion to dismiss, not a motion for summary judgment, so Rule 56(d) does not apply"); *Dunfee*, 2013 WL 1285152, at *2 (same); *Blackburn v. Whiting*, 2011 WL 90113, at *3 (N.D. Cal. Jan. 11, 2011) ("Rule 56(d) is inapplicable to Plaintiff's action at this time because [Defendant has] not moved for summary judgment.").

Banks's request independently fails because, even if Rule 56(d) applied, she has not satisfied its requirements. Rule 56(d) does not authorize a continuance merely because a plaintiff identifies discovery she would like to take. Rule 56(d) requires an affidavit identifying "*specific facts*" she expects to obtain, establishing that those facts exist, and showing that they are "essential" to opposing the motion. *Tatum*, 441 F.3d at 1100 (emphasis added); *see also* Fed. R. Civ. P. 56(d). The attorney declaration filed in support of Banks's Motion for Continuance does not come close. It simply sets out broad categories of information—such as "documents and communications relating to the editing of the Netflix Series" and "to the Netflix Series' narrative," and "depositions of" the Documentary's filmmakers. Dkt. 32-1 at ¶ 10. Those are not "specific facts"; such generic categories of information do not satisfy Rule 56.

In *Tatum*, for example, the Ninth Circuit affirmed the denial of a request for a continuance under Rule 56(d) where the plaintiff's counsel submitted a declaration stating the plaintiff needed to review "transcripts of several witness' depositions," without "refer[ring] to any specific fact in these depositions." 441 F.3d at 1100. That is precisely what Banks has done here: her counsel declared that she needs multiple depositions and large categories of "documents and communications," without identifying any specific facts that she seeks to establish. Dkt. 32-1 at ¶ 10. "A request at that level of generality is insufficient for Rule 56(d) purposes. [Banks] did not in [her]

Rule 56(d) declaration enumerate any 'specific facts' [she] hoped to elicit from further discovery, or 'provide any basis or factual support for [her] assertions that further discovery would lead' to those facts." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 679 (9th Cir. 2018) (denying Rule 56(d) motion) (citation omitted).

Similarly, in *Columbia Casualty Co. v. Abdou*, 2015 WL 9244305 (S.D. Cal. Dec. 16, 2015), the movant's attorney declaration "declare[d] that he needs discovery, including production of [the plaintiff's] underwriting file, production of 'all files and documents from the file of [another party],' production of 'all files and documents from the file of [the plaintiff] kept in the normal course of business,' written discovery, and several depositions." *Id.* at *5. The court denied the Rule 56(d) motion because the "request for a continuance did not identify the specific facts that further discovery would have revealed or explain why those facts would have precluded summary judgment." *Id.* (quoting *Tatum*, 441 F.3d at 1100). Instead, the plaintiff "simply assume[d], without explaining, that something helpful to him might come from more discovery. That's not enough." *Id.*; *see also, e.g.*, *Hubert v. Equinox Holdings, Inc.*, 2022 WL 1591331, at *4 (C.D. Cal. Mar. 15, 2022) (denying Rule 56(d) motion where plaintiffs did "not set forth specific facts that [they] hope to elicit from the outstanding depositions"); *Mosaic Brands, Inc. v. Ridge Wallet LLC*, 2021 WL 4535351, at *3 (C.D. Cal. Aug. 5, 2021), *aff'd*, 55 F.4th 1354 (Fed. Cir. 2022) (denying Rule 56(d) request for a continuance because, among other reasons, plaintiff "merely restates the boilerplate elements of [its claims], claiming that the outstanding discovery will include evidence on all of them").

Even if Banks could satisfy Rule 56(d)'s requirement to identify "specific facts" she reasonably expects discovery to reveal, as the law requires, her Motion for Continuance would still fail. Rule 56(d) also requires her to "explain *why*" those facts are "essential to justify [her] opposition." *Tatum*, 441 F.3d at 1100 (emphasis added) (quoting Fed. R. Civ. P. 56(f), precursor to current Rule 56(d)). Banks cannot make that showing. As explained below, Defendants' Motion presents only legal-sufficiency

arguments under Rule 12(b)(6), none of which depends on facts Banks could develop through discovery.

**II. None of Banks's Requested Discovery Is "Essential" to Opposing Defendants' Motion.**

None of the discovery Banks seeks is "essential" because Defendants' Motion presents only legal-sufficiency arguments under Rule 12(b)(6). Those arguments turn on Banks's allegations and the Documentary itself, not on evidence developed through discovery. Courts therefore deny Rule 56(d) requests where, as here, the motion presents "arguments . . . based solely on law" and "can be resolved without the need for additional discovery." *Johnson v. JP Morgan Chase Bank*, 2009 WL 179727, at *3 (E.D. Cal. Jan. 26, 2009).

**A. Defendants' Motion Challenges Only the Legal Sufficiency of Banks's Claims.**

Defendants expressly chose to challenge only the legal sufficiency of Banks's claims. Their Motion is therefore governed by Rule 12(b)(6), not Rule 56, and Banks is not entitled to convert it into a summary judgment motion by seeking discovery.

The law in this Circuit is clear that the *defendant* chooses whether to challenge legal or factual sufficiency on an anti-SLAPP motion—and if the defendant "challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood*, 890 F.3d at 834. Under those circumstances, the motion "is not a Rule 56 motion for summary judgment, nor should it be treated as such." *Wynn v. Chanos*, 2015 WL 971360, at *2 (N.D. Cal. Mar. 3, 2015), *aff'd*, 685 F. App'x 578, 579 (9th Cir. 2017). So long as the defendant "has very explicitly and clearly limited his challenge to the legal sufficiency of the pleadings under Rule 12(b)(6)," the plaintiff is not entitled to seek or submit discovery to respond to an anti-SLAPP motion. *Appel v. Wolf*, 2019 WL 13416838, at *5 (S.D. Cal. Jan. 25, 2019); *see also Stillwell*, 2023 WL 2596823, at *1 (plaintiff faced with an anti-SLAPP motion that makes "a challenge to the legal sufficiency" of the complaint is "not entitled to conduct discovery before the

court rule[s]" on the motion). As the Ninth Circuit has explained, "*[t]he defendant* determines which motions she files, not the plaintiff," and a plaintiff cannot "convert [a] motion to strike" brought under Rule 12(b)(6) "into a motion for summary judgment." *Herring Networks, Inc. v. Maddow*, 8 F.4th at 1156 (emphasis added).

In *Herring Networks*, for example, the plaintiff responded to the defendant's anti-SLAPP motion by seeking to "supplement the record" with material "not attached to the complaint, relied on by the complaint, or judicially noticeable." *Herring Networks, Inc. v. Maddow*, 445 F. Supp. 3d 1042, 1047 (S.D. Cal. 2020), *aff'd* 8 F.4th 1148 (9th Cir. 2021). The district court denied that application and held that the defendant's anti-SLAPP "motion must be treated in the same manner as a motion under Rule 12(b)(6)" because it was "based on alleged deficiencies in the plaintiff's complaint." *Id*. (quoting *Planned Parenthood*, 890 F.3d at 834). The Ninth Circuit affirmed, emphasizing that "[t]he defendant determines which motions she files, not the plaintiff." 8 F.4th at 1156. The Ninth Circuit explained that if plaintiffs could "present evidence in defense of all anti-SLAPP motions, then every anti-SLAPP motion would necessarily become a motion for summary judgment," effectively "negat[ing] the purpose of anti-SLAPP motions, which is to remedy the problem of SLAPP suits through 'the prompt exposure, dismissal, and discouragement of [further] suits.'" *Id*. (citation omitted).

Numerous other courts have reached the same conclusion in similar circumstances. In *Appel*, the court denied the plaintiff's request that the court continue the hearing date on the defendant's anti-SLAPP motion and authorize discovery. 2019 WL 13416838, at *1. Because the defendant's motion "state[d] that it [was] being brought under Rule 12(b)(6) and s[ought] the application of its standards," and "rel[ied] on the allegations of the Complaint" and material incorporated by reference, the anti-SLAPP motion was "limited" to a "challenge to the legal sufficiency of the pleadings under Rule 12(b)(6)." *Id.* at *2, *5. "[D]iscovery [was] not required" to oppose it. *Id*. at *5.

In *Wynn*, the plaintiff responded to an anti-SLAPP motion by filing a "motion

pursuant to Rule 56(d) to postpone [the defendant's] motion on the grounds that more discovery [was] needed." 2015 WL 971360, at *2. The court found that the defendant's motion was "not a Rule 56 motion for summary judgment, nor should it be treated as such," because the plaintiff's defamation claim "fails as a matter of law and does not turn on any disputed facts," based solely on the "transcript and video" of the challenged publication. *Id.*; *see also Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011) (affirming grant of anti-SLAPP motion at the pleadings stage, where plaintiff sought "to take discovery[] pursuant to Rule 56(d)" because the evidence sought "was not essential" to his opposition and "would not affect" the court's analysis).

Similarly, in *Nunes v. Meredith*, 2022 WL 2214205, at *1 (E.D. Cal. June 21, 2022), the plaintiff moved to delay the defendant's anti-SLAPP motion while he took discovery. The court held that the defendant's motion should be "review[ed] as a motion to dismiss" under "the Rule 12(b)(6) standard" because the defendant's arguments "focus[ed] on the legal sufficiency of [the plaintiff's] claims as pled in the complaint." *Id.* at *7. Because "a motion to dismiss does not require special discovery," the court held it "need not allow discovery to assess whether [the plaintiff] has sufficiently plead his claims." *Id.*

There are many more examples, inside and outside this District, of courts recognizing that where a defendant's "motion does not challenge the factual sufficiency of" the plaintiff's claims, but "[r]ather . . . challenges the legal sufficiency of" the plaintiff's allegations, "the Court is not required to deny the motion and permit discovery before making its decision." *Woulfe v. Universal City Studios LLC*, 2022 WL 18216089, at *3 (C.D. Cal. Dec. 20, 2022). A plaintiff cannot obtain or submit discovery to oppose an anti-SLAPP motion that seeks relief only under the Rule 12(b)(6) standard. *See, e.g.*, *Shenzhen Yangjinmaoyi Co. v. Hangzhou Chic Intelligent Tech. Co.*, 2023 WL 4826235, at *10 (C.D. Cal. Feb. 21, 2023); *Prehired, LLC v. Provins*, 2023 WL 2717509, at *4 n.2 (E.D. Cal. Mar. 30, 2023); *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, 302 F. Supp. 3d 1005, 1027 (N.D. Cal. 2017); *Weiland Sliding Doors & Windows, Inc. v. Panda*

*Windows & Doors, LLC*, 2010 WL 3911477, at *1 (S.D. Cal. Oct. 4, 2010); *Espinoza v. City of Imperial*, 2009 WL 10671316, at *13 (S.D. Cal. Mar. 4, 2009); *Moser v. Triarc Cos*, 2007 WL 3026425, at *3 (S.D. Cal. Oct. 16, 2007).[1]

Defendants' Motion seeks relief under the standard of Rule 12(b)(6), not Rule 56. The motion expressly states that "Defendants *challenge the legal sufficiency* of the claims" and asks the Court to "apply 'the standards of *Rule 12(b)(6)*'" in resolving their anti-SLAPP motion to strike Banks's state-law claims. Dkt. 30 at 12 (emphasis added) (citation omitted). Defendants' Motion does not ask the Court to weigh evidence or find that Banks's allegations were *factually* unsupported. Defendants submitted no extrinsic factual evidence in support of their motion. The only materials submitted with their motion were a declaration attaching the video and transcript of the Documentary itself. Dkt. 30-1. As in any defamation action, it is "appropriate to incorporate by reference" because it is "referred to extensively in the complaint." *Herring Networks*, 445 F. Supp. 3d at 1048.

Well-settled precedent indisputably establishes that all of Defendants' arguments for striking and dismissing Banks's defamation claims[2] are *legal* arguments that can be resolved *as a matter of law*. Defendants argue that Banks's non-conclusory allegations, taken together with the Documentary, do not plausibly allege "that the Documentary itself, viewed as a whole by a reasonable viewer, actually communicates the defamatory

---

[1] Plaintiff cites the California Supreme Court's decision in *Baral v. Schnitt*, 376 P.3d 605, 608–09 (Cal. 2016), which discusses how California state courts apply the anti-SLAPP statute. Dkt. 32 at 4. To avoid any doubt, California state procedure does not determine what standard governs motions filed in federal court. As the Ninth Circuit has explained, a defendant filing an anti-SLAPP motion in federal court either invokes the Rule 12(b)(6) standard, for legal challenges, or the Rule 56 standard, for factual challenges. *Planned Parenthood*, 890 F.3d at 834. And it is up to the defendant what kind of arguments they make, not the plaintiff. *Herring Networks*, 8 F.4th at 1156. Because Defendants seek relief only under the standard of Federal Rule 12(b)(6), the Court does not need to—and should not—consider at this time whether Banks's claims are "factually substantiated." *See* Dkt. 32 at 4.

[2] Banks appears to only seek discovery related to her defamation claims and Defendants' arguments for dismissing those claims. *See* Dkt. 32. She identifies no argument for striking or dismissing any other claim that purportedly justifies discovery.

implications she alleges." Dkt. 30 at 13. "It is for the court to decide whether a statement is actionable defamation in the first instance as a matter of law." *Knievel v. ESPN*, 393 F.3d 1068, 1074 (9th Cir. 2005) (citation omitted). Defendants also argue that certain challenged statements are nonactionable opinion on the face of the Documentary itself. Dkt. 30 at 18-19. "[W]hether a communication is a factual assertion or a protected opinion" is also "'a question of law to be decided by the court.'" *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1158 (C.D. Cal. 2005) (citation omitted). Finally, Defendants argue that Banks failed to plausibly allege that Defendants intended to defame her. Dkt. 30 at 15, 18–19. That issue may be resolved as a matter of law where the plaintiff's non-conclusory allegations, taken together with the challenged publication, fail to state a plausible claim that a "reasonable juror could find that Defendants intended to convey [the alleged] impression." *Thomas v. L.A. Times Commc'ns, LLC*, 189 F. Supp. 2d 1005, 1013 (C.D. Cal. 2002) (granting anti-SLAPP motion to strike defamation claim at the pleadings stage), *aff'd*, 45 F. App'x 801, 802 (9th Cir. 2002).

As in the numerous cases cited above, Defendants' arguments "focused on the legal sufficiency of [the plaintiff's] claims as pled in the complaint." *Nunes*, 2022 WL 2214205, at *7. The Court therefore should "appl[y] a Rule 12(b)(6) standard" and "declin[e] to evaluate the factual sufficiency of the complaint at the pleading stage," *Planned Parenthood*, 890 F.3d at 835, just as it would on any other pleadings motion. And just as "a motion to dismiss does not require special discovery," the Court should "not allow discovery" here either "to assess whether [the plaintiff] has sufficiently plead [her] claims." *Nunes*, 2022 WL 2214205, at *7.

In the face of this heavy weight of authority, Banks cites just two cases purportedly going her way: *Gunn v. Drage*, 65 F.4th 1109 (9th Cir. 2023), and *Robles v. Contreras*, 796 F. Supp. 3d 626 (C.D. Cal. 2025). Both are readily distinguishable, because the anti-SLAPP motions in question there were *expressly* factual—they relied on extrinsic evidence and attacked the plaintiff's lack of support. In *Gunn*, the defendant

"explicitly framed her challenge as a factual one" and "submitted a significant amount of extrinsic evidence, including declarations, emails, and filings from other court cases." 65 F.4th at 1116. The Ninth Circuit concluded that the district court "was . . . entitled to consider evidence" because of the defendant's "reliance on extrinsic evidence at both steps" of the anti-SLAPP framework. *Id.* at 1120. In *Robles*, the defendant likewise "relie[d] on extrinsic evidence" at "both prongs of the anti-SLAPP analysis," including "facts derived from statements made in [the defendant's] declaration." 796 F. Supp. 3d at 631. Because the defendant had expressly "rais[ed] the insufficiency of facts in support of Plaintiffs' claims, not just the mere insufficiency of their pleading," she "obligate[d] Plaintiffs to respond with contrary evidence." *Id.* at 632.[3]

Those cases have no bearing here, because Defendants did not bring a factual challenge to Banks's Complaint or submit and rely on extrinsic evidence, such as emails and declarations. To the contrary, Defendants "explicitly and clearly limited [their] challenge to the legal sufficiency of the pleadings under Rule 12(b)(6)," and thus "discovery is not required." *Appel*, 2019 WL 13416838, at *5. Because Defendants did *not* take discovery, submit extrinsic evidence, or challenge the factual sufficiency of Banks's claims, they would be prejudiced by a ruling converting their pleadings motion into a Rule 56 motion and allowing Banks to seek discovery and introduce evidence to oppose it.[4]

---

[3] Nor can Banks rely on *Metabolife International, Inc. v. Wornick*, 264 F.3d 832, 838, 846–48 (9th Cir. 2001), where the Ninth Circuit authorized a plaintiff to take discovery because the issues raised by the anti-SLAPP motion turned on whether the plaintiff could demonstrate *factual* support. Courts have since held that where "a claim fails as a matter of law and does not turn on any disputed facts," an argument for discovery to oppose an anti-SLAPP motion "based upon *Metabolife* . . . is inapposite." *Wynn*, 2015 WL 971360, at *2.

[4] Banks's proposed procedure would also be fundamentally one-sided. Defendants deliberately brought a Rule 12(b)(6) challenge and therefore had neither reason nor occasion to submit the evidence they would have submitted had they chosen to challenge the factual sufficiency of Banks's claims under Rule 56. Banks cannot convert Defendants' Motion into one governed by Rule 56, take discovery to build her own evidentiary record, and then use that record to oppose a Motion Defendants deliberately presented on the pleadings.

To avoid any doubt, Defendants expressly disclaim any challenge to the factual sufficiency of Banks's allegations in their pending Motion—and they ask the Court, in ruling on Defendants' Motion, to consider only whether Banks's non-conclusory allegations, considered in the context of the Documentary, plausibly state a claim for relief under Rule 12(b)(6). "[T]he Court can rule on the Anti-SLAPP Motion without discovery because" it raises only "purely legal question[s], and no amount of discovery would save [Banks's] claim." *Ningbo Yituo Enter. Mgmt. Co. v. GoPlus Corp.*, 2025 WL 1421394, at *5 (C.D. Cal. Apr. 10, 2025).

**B. None of Banks's Asserted "Factual Issues" Justifies Discovery.**

Banks argues that Defendants' Motion "raises several issues that are factual and can be tested only with discovery." Dkt. 32 at 5. But her arguments mischaracterize both Defendants' Motion and the law. None of the issues Banks identifies will require the Court to make factual findings to rule on Defendants' Motion. Banks simply tries to recast the legal-sufficiency arguments Defendants actually made into factual challenges they did not. Nor are any of these issues "*essential* to justify [Banks's] opposition," as required under Federal Rule 56(d) (emphasis added). *See* Fed. R. Civ. P. 56(d) (emphasis added).

First, Banks is wrong that Defendants' reference to "ordinary editorial decisions" was an "'actual malice' argument in disguise." Dkt. 32 at 5. That phrase described the conduct *Banks herself challenges* in the Complaint—her allegations that she should have received "advance notice of what another interviewee would say," that "more of her interview" should have been included in the Documentary, and that her "perspective" should have been "presented differently." Dkt. 30 at 7. It was not an argument about Defendants' state of mind, much less an assertion that evidence outside the pleadings establishes that Defendants lacked actual malice. Defendants do not ask the Court to "take Defendants' word for what they thought when they edited" the Documentary, Dkt. 32 at 5, or otherwise ask the Court to determine what Defendants actually knew or believed. Banks therefore needs no "state of mind evidence" to respond to an argument

Defendants did not make. *Id*.

Second, Banks incorrectly asserts that Defendants' Motion asks the Court to "presume[] . . . that Defendants' presentation of Ms. Banks' and the contestant's interviews was fair and accurate." Dkt. 32 at 5. It does not. Defendants do not ask the Court to determine whether the Documentary was "fair or accurate"; they argue that Banks's allegations, taken together with the Documentary she challenges, do not plausibly allege that the Documentary reasonably conveys the defamatory implication Banks purports to identify. Whether unused footage might have permitted a different presentation is irrelevant to that legal-sufficiency argument.[5]

Third, Banks does not need discovery to address Defendants' argument that she has failed to plausibly allege defamatory intent. *See* Dkt. 32 at 5–6. Defendants do not rely on evidence of their actual state of mind. Instead, they argue that Banks's allegations, considered together with the Documentary, do not plausibly establish that Defendants "intended to disparage Banks." Dkt. 30 at 19. Courts resolve that question at the pleadings stage based on the challenged publication. *See, e.g.*, *Thomas*, 189 F. Supp. 2d at 1013 (granting anti-SLAPP motion to strike defamation claim where "[n]o reasonable juror could find that Defendants intended to convey" the alleged defamatory implication), *aff'd*, 45 F. App'x at 802 (affirming dismissal of defamation claim on the pleadings where plaintiff "does not show that he has a probability of establishing that the author intended such defamatory implications"); *Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1237 (N.D. Cal. 2014) (granting motion to dismiss where a reasonable listener "could not find" defendant "intended to convey" the alleged defamatory statement based on defendant's "language"). In other words, Banks cannot use discovery into

---

[5] Banks cites a decision from a Wisconsin federal district court addressing a different argument made against different allegations, which found that the arguments made there were factual ones. Dkt. 32 at 5 (citing *Colborn v. Netflix, Inc.*, 541 F. Supp. 3d 888, 901 (E.D. Wis. 2021)). That decision is irrelevant here: Defendants did not argue that some extrinsic evidence not before the court would prove that the Documentary was accurate; they argued Banks's own non-conclusory allegations, taken together with the Documentary, do not plausibly allege that the Documentary communicates a defamatory meaning.

Defendants' subjective state of mind to supply an element her allegations must plausibly establish before discovery. *See Mujica v. AirScan, Inc.*, 771 F.3d 580, 592 (9th Cir. 2014) ("Plaintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it."). In any event, the Court only needs to reach intent if Banks first clears the threshold legal question addressed below: whether the Documentary is reasonably capable of conveying the defamatory implication she alleges at all.

Fourth, Banks incorrectly asserts that whether a "'reasonable viewer'" could understand the Documentary to convey the defamatory implication she alleges is a "factual question." Dkt. 32 at 6 (citation omitted). It is not. That categorically misstates the law. As Defendants explain in their motion, the threshold question in a defamation-by-implication claim is whether the challenged publication can "reasonably be understood as implying the alleged defamatory content." Dkt. 30 at 13 (quoting *Price v. Stossel*, 620 F.3d 992, 1003 (9th Cir. 2010)). That "dispositive question in a defamation action . . . is a question of law for the court," *Heller v. NBCUniversal, Inc.*, 2016 WL 6583048, at *4 (C.D. Cal. June 29, 2016)—not, as Banks wrongly contends, a fact issue for the jury. If Banks were correct, *every* defamation plaintiff would be entitled to discovery to explore whether the challenged publication could reasonably be interpreted in a defamatory way. But the law is the opposite: a defamation plaintiff's claim must be dismissed on the pleadings if the court finds that there is no reasonable defamatory interpretation of the statements she challenges. *Knievel*, 393 F.3d at 1074; *see also Cochran v. NYP Holdings, Inc.*, 210 F.3d 1036, 1038 (9th Cir. 2000); *Dodds v. Am. Broad. Co.*, 145 F.3d 1053, 1065 (9th Cir. 1998); *Heller*, 2016 WL 6583048, at *4. As recently as September 10, 2026, the California Court of Appeal reiterated that "California courts have long recognized that whether or not the statement is reasonably susceptible of [an alleged] interpretation is a question for the court and, if so, whether or not it was so understood is a question for the jury." *Schneider v. Warner Bros. Discovery, Inc.*, -- Cal. Rptr. 3d --, 2026 WL 2664058, at *7 (Ct. App. Sept. 10, 2026) (cleaned up, citation omitted).

Banks's reliance on *Maidman v. Jewish Publications, Inc.*, 355 P.2d 265 (Cal. 1960) conflates that threshold legal question with a distinct factual inquiry that arises only if she clears it. Banks quotes *Maidman* for the proposition that it is ultimately for the factfinder to determine whether "readers did so understand" the publication in a defamatory way. Dkt. 32 at 6 (quoting *Maidman*, 355 P.2d at 269). But *Maidman* itself makes clear that factual inquiry arises only *after* the court determines that the publication "*could reasonably have been understood to make such a charge*." *Maidman*, 355 P.2d at 269 (emphasis added). Defendants' Motion challenges Banks's claims at that antecedent legal step—which is a question reserved "for the court . . . as a matter of law." *Knievel*, 393 F.3d at 1074; *see also Heller*, 2016 WL 6583048, at *4. No discovery is necessary to decide it.

Moreover, none of the discovery Banks seeks has any bearing on "how viewers actually understood the Netflix Series." Dkt. 32 at 6. She seeks discovery from Defendants—including Netflix viewership data—not discovery into viewers' reactions to the Documentary. *See id.* at 8–10. And in any case, actual viewers' subjective impressions are irrelevant as a matter of law to the threshold question of whether a *reasonable viewer* could understand the Documentary as Banks alleges. *See S.F. Bay Guardian, Inc. v. Superior Court*, 21 Cal. Rptr. 2d 464, 467 (Ct. App. 1993) ("the view of the average reader . . . is not . . . to be answered by taking a poll of readers," and evidence of viewers' subjective reactions "does not raise a question of fact"); *see also Schneider*, 2026 WL 2664058, at *5–7 (evidence of viewers' actual reactions to documentary series "should not be considered" as part of threshold defamatory meaning analysis). Nor can Banks rely on *Gaprindashvili v. Netflix, Inc.*, 2022 WL 363537 (C.D. Cal. Jan. 27, 2022). *See* Dkt. 32 at 6. As the California Court of Appeal recently explained, that case is "inapposite" to the threshold issue of defamatory meaning, and the district court there made its own determination that the challenged statement was "susceptible to the claimed defamatory meaning" as a matter of law and "did not rely on evidence of the public's response to make that finding." *Schneider*, 2026 WL 2664058,

at *6–7. Thus, any evidence Banks might obtain in discovery is categorically irrelevant to the threshold legal argument in Defendants' Motion: that the Documentary is not reasonably susceptible to the defamatory interpretation Banks alleges.

Fifth, Banks similarly mischaracterizes Defendants' argument that the Documentary should be evaluated as a whole by claiming that argument depends on factual assumptions about how viewers watched the Documentary. Dkt. 32 at 6–7. Banks herself refers to the documentary series as a single unit, alleges the documentary in its entirety "premiered on Netflix on February 16, 2026," and alleges that the "final product consisted of three episodes—165 minutes in total." Compl. ¶ 88. Those allegations concede that the Documentary is a single work to be evaluated as a whole. In any case, Defendants' argument does not assume anything about how viewers watched the Documentary. Their argument is a legal one: defamatory meaning is assessed from the challenged "publication as a whole," rather than from "snippets taken out of context." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 443 (9th Cir. 2010) (citation omitted). And where a defamation plaintiff challenges a multi-episode series, courts evaluate all the episodes to assess the series "in its entirety." *See De Havilland v. FX Networks, LLC*, 230 Cal. Rptr. 3d 625, 643 (Ct. App. 2018). Netflix data showing when—or whether—particular viewers proceeded from one episode to the next cannot alter that legal rule.

*Kaelin v. Globe Communications Corp.*, 162 F.3d 1036 (9th Cir. 1998), does not support Banks's contrary position. There, the Ninth Circuit considered whether an article on page 17 of a newspaper was "too far removed" from a front-page headline to "clear[] up any false and defamatory meaning that could be found on the cover." *Id*. at 1041. The *Kaelin* court evaluated that question by examining the challenged publication itself—including the placement of the disclaimer relative to the headline—not by examining evidence about how particular readers actually consumed it. *Id.* Banks may argue (contrary to well-established law) that the Documentary should be evaluated

episode by episode rather than as a whole. But that is a legal question about how the Court should evaluate the challenged work; Netflix viewership data is irrelevant to it.

None of these purported "factual issues" requires discovery. And none of the sweeping discovery Banks demands is "essential" to oppose Defendants' challenge to the legal sufficiency of her non-conclusory allegations, considered together with the Documentary itself. *See* Fed. R. Civ. P. 56(d). Banks cannot create a right to take discovery—or delay this case for months—by mischaracterizing the *legal* arguments Defendants actually made as factual challenges they did not make.

## CONCLUSION

The Court should deny Banks's motion for a continuance and allow briefing on Defendants' Motion to proceed on the schedule that the parties agreed to and the Court approved.

Dated: September 11, 2026

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jay P. Srinivasan*
JAY P. SRINIVASAN

Attorneys for Defendants *NETFLIX WORLDWIDE ENTERTAINMENT, LLC, 89 BLOCKS HOLDINGS, LLC d/b/a EVERWONDER STUDIO, NETFLIX MUSIC, LLC, MOR LOUSHY, and DANIEL SIVAN*

**Local Rule 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Defendants, certifies that this brief contains 6,674 words, which complies with the word limit of L.R. 11-6.1, and is 19 pages, in compliance with this Court's Standing Order ¶ 12(c).

Dated: September 11, 2026

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jay P. Srinivasan*
JAY P. SRINIVASAN

Attorneys for Defendants *NETFLIX WORLDWIDE ENTERTAINMENT, LLC, 89 BLOCKS HOLDINGS, LLC d/b/a EVERWONDER STUDIO, NETFLIX MUSIC, LLC, MOR LOUSHY, and DANIEL SIVAN*