GIBSON, DUNN & CRUTCHER LLP
JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
ZACHARY C. FREUND, SBN 344466
zfreund@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

CONNOR S. SULLIVAN (pro hac vice forthcoming)
cssullivan@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000

*Attorneys for Defendants*
*NETFLIX WORLDWIDE ENTERTAINMENT, LLC, NETFLIX MUSIC, LLC, 89 BLOCKS HOLDINGS, LLC d/b/a EVERWONDER STUDIO, MOR LOUSHY, and DANIEL SIVAN*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TYRA BANKS, an individual,

Plaintiff,

v.

NETFLIX WORLDWIDE ENTERTAINMENT, LLC, 89 BLOCKS HOLDINGS, LLC d/b/a EVERWONDER STUDIO, NETFLIX MUSIC, LLC, MOR LOUSHY, an individual, and DANIEL SIVAN, an individual,

Defendants.

CASE NO. 2:26-cv-06467-AB-DMK

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

Date: October 30, 2026
Time: 10:00 a.m.
Place: Courtroom 7B

Judge: Hon. André Birotte Jr.
Case Filed: June 13, 2026
Trial Date: Not Set

## I. INTRODUCTION

Plaintiff Tyra Banks asks the Court to take judicial notice of two video demonstratives that her lawyers commissioned for this litigation. The demonstratives draw on footage from *Reality Check: Inside America's Next Top Model* (the "Documentary") and *America's Next Top Model* ("*ANTM*"), but neither presents that footage in its original form. Instead, they cut the programs into excerpts, place disparate clips side-by-side (including clips from different programs), and add slow motion, captions, arrows, and other effects that insert Banks's advocacy and commentary.

Rule 201 permits judicial notice only of adjudicative facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). Banks's annotated supercuts, replete with her own alterations, commentary, and argument, are the opposite. They were made for litigation, they alter and annotate the footage they purport to present, and they assert Banks's disputed interpretations. The Documentary itself is already before the Court, as Banks incorporated it by reference into her Complaint, and Defendants lodged it with the Court. *See* Dkt. 31. The Court should decline to take judicial notice of Exhibits 1 and 2, which are beyond the scope of what the Court may consider under Rule 12(b)(6).

## II. LEGAL STANDARD

Federal Rule of Evidence 201 permits judicial notice only of facts that are "not subject to reasonable dispute," meaning that they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under [Federal Rule of Evidence] 201(b)." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) (citation omitted). A court may not take notice of "disputed facts" contained in otherwise noticeable materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). Judicial notice is also improper when the substance of the material "is subject to varying interpretations" and "there is a reasonable

dispute as to what [it] establishes." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 (9th Cir. 2018) (citation omitted).

## III. ARGUMENT

The Court should decline to take judicial notice of Exhibits 1 and 2, which present material that is plainly subject to dispute.

Exhibits 1 and 2 are new video compilations that were created specifically for this litigation by an editor retained by Banks's counsel, using video editing software. *See* Dkt. 41-1 ¶¶ 2–3, 5. Exhibit 1 places two clips, purportedly from Episodes 1 and 2 of the Documentary, side-by-side. It replays those clips multiple times, including in slow motion, and adds captions and large red arrows to insert commentary about what the clips purportedly show—including, among other things, "No post-question head nod," "Post-question head nod," "Lip curl," and "No lip curl." Dkt. 41-1 ¶¶ 8–10; Ex. 1. Exhibit 2 places a clip purportedly from Episode 2 of the Documentary beside a clip purportedly from Cycle 2, Episode 10 of *ANTM*. Dkt. 41-1 ¶ 11; Ex. 2. Neither exhibit is an unmodified copy of either the Documentary or *ANTM*. Instead, both are Banks's admittedly edited compilations of footage purportedly taken from those shows.

Courts refuse to take judicial notice of exhibits, like Banks's, that reflect a party's *characterization* of underlying source material—even when that source material might otherwise be judicially noticeable in its unaltered form. *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1022 (C.D. Cal. 2015) (declining to notice a chart comparing selected portions of two underlying works); *Sinatro v. Barilla Am., Inc.*, 635 F. Supp. 3d 858, 870–71 (N.D. Cal. 2022) (declining to notice exhibits containing images "cut and pasted" from websites where the images included captions "that do not appear to have been part of the original"). That is the case here. Banks may rely on the Documentary itself, which is incorporated by reference into her Complaint and which Defendants lodged with the Court on August 14, 2026. But by editing excerpts from the Documentary into her own demonstrative—utilizing a split screen, repetition, slow

motion, graphics, captions, and other features that are not part of the original footage—Banks has created a new work that *is* subject to reasonable dispute.

Banks argues that Exhibits 1 and 2 meet the standard for judicial notice simply because they are derived from footage from the Documentary and *ANTM*. Dkt. 43 at 2. But even if Banks's demonstratives are *based on* undisputed source material, that does not make them judicially noticeable. Tellingly, in each of Banks's cited cases, the court took notice of the underlying work itself, in the form that it was originally published or broadcast—not edited portions of the work with added captions, graphics, or other visual treatments. *See Eliott v. Lions Gate Ent. Corp.*, 639 F. Supp. 3d 1012, 1021 (C.D. Cal. 2022) (noticing unaltered copies of the documentary series at issue); *Jackson v. Netflix, Inc.*, 506 F. Supp. 3d 1007, 1013 (C.D. Cal. 2020) (noticing unaltered excerpts from the documentary at issue); *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1128 (C.D. Cal. 2007) (noticing unaltered copies of the television episodes at issue).

Judicial notice is also improper because Banks seeks to introduce Exhibits 1 and 2 as advocacy supporting her interpretation of the Documentary—precisely the kind of gambit that Rule of Evidence 201 forecloses. Banks's Opposition to Defendants' Special Motion to Strike and Motion to Dismiss reveals that she is not asking the Court merely to notice the *existence* of the Documentary or a particular episode of *ANTM*. Rather, she is relying on the substance of these edited and annotated snippets to advance her arguments; she says the exhibits show "what really happened," including that a nod "was not cut off" rather than "cut out," and that the Documentary "reversed" a conversation. Opp. at 8, 10–12. Those are Banks's characterizations of Defendants' editorial choices and what they signify—exactly the kind of "disputed fact[]" that cannot be judicially noticed. *Lee*, 250 F.3d at 689–90. As this Court explained in *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312 (C.D. Cal. 2023), it is not proper to take judicial notice of an "extra deductive step"—*i.e.*, a disputed inference that may arguably be drawn from otherwise undisputed source material. *Id.* at 1323 (declining to take judicial notice of disputed factual inference drawn from judicially noticeable

webpages); *see also Clasen v. L.A. Unified Sch. Dist.*, 2026 WL 2673731, at *4 (C.D. Cal. Aug. 27, 2026) (this Court refusing to take notice of "disputed factual assertions" based on public documents or a party's "interpretation of those assertions"). That is exactly what Banks asks for here.

## IV. CONCLUSION

The Court has already denied Banks's Rule 56(d) motion, which sought to inject extrinsic evidence into an analysis that is limited to the legal sufficiency of her claims. Dkt. 53. Banks's Request for Judicial Notice likewise seeks to improperly expand the record beyond her Complaint and the materials incorporated by reference therein. The Documentary is in the record. Banks, like Defendants, may cite it to support her interpretation. But Banks's Exhibits 1 and 2 go much further: They alter and manipulate the Documentary in an attempt to misleadingly portray Banks's own subjective interpretation as judicially noticeable fact. The Court should deny Banks's Request for Judicial Notice, ignore her demonstratives, and limit its analysis to the Documentary itself.

Dated: October 12, 2026

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jay P. Srinivasan*
JAY P. SRINIVASAN

Attorneys for Defendants *NETFLIX WORLDWIDE ENTERTAINMENT, LLC, NETFLIX MUSIC, LLC, 89 BLOCKS HOLDINGS, LLC d/b/a EVERWONDER STUDIO, MOR LOUSHY, and DANIEL SIVAN*

**Local Rule 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Defendants, certifies that this brief contains 1,249 words, which complies with the word limit of L.R. 11-6.1, and is 4 pages, in compliance with paragraph 12(c) of this Court's Standing Order.

Dated: October 12, 2026

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jay P. Srinivasan*
JAY P. SRINIVASAN

Attorneys for Defendants *NETFLIX WORLDWIDE ENTERTAINMENT, LLC, NETFLIX MUSIC, LLC, 89 BLOCKS HOLDINGS, LLC d/b/a EVERWONDER STUDIO, MOR LOUSHY, and DANIEL SIVAN*